248 So.2d 12 (1971)
Myrtle W. NOBLE
v.
INSURANCE COMPANY OF NORTH AMERICA et al.
No. 8319.
Court of Appeal of Louisiana, First Circuit.
April 19, 1971.
Rehearing Denied May 31, 1971.
Walton J. Barnes, Baton Rouge, for appellant.
Roger M. Fritchie and Emile C. Rolfs, III, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
Rehearing En Banc Denied May 31, 1971.
LOTTINGER, Judge.
This is a suit instituted by Myrtle W. Noble, as petitioner, against Our Lady of the Lake Hospital and its liability insurer, the Insurance Company of North America, as defendants. Subsequently the suit as *13 against the hospital was dismissed and the insurance company is the only remaining defendant. Following trial on the merits the Lower Court awarded judgment in favor of defendant dismissing petitioner's suit. A devolutive appeal was taken by petitioner.
The evidence reflects that the petitioner at the time of the alleged accident on May 7, 1968, was 72 years of age. She was admitted to Our Lady of the Lake Hospital on April 29, 1968, for diagnostic tests for a stomach ailment.
On May 4, 1968, it appears that the petitioner suffered a fall in her hospital room from which she realized no injuries. Following this fall and at the request of her daughter, side rails were erected on her bed. These are described as "short or half rails" and are usually sufficient to keep the patient from rolling out of bed; however, they will not prevent a patient from getting out of bed. The hospital has available higher rails which are used on beds of patients who are either in an unconscious state or who must be physically restrained in their beds.
The petitioner testified that at the time she was admitted to the hospital, she was well able to walk and testified that "I walked everywhere I went". After the bed rails were installed she testified that "it was no trouble for me to draw my leg over the end of that thing and get up when I wanted to because I had walked up and down the hall and everything."
Subsequently, on May 7, 1968, Mrs. Noble sustained the fall for which this suit was filed and from which she received a broken hip. She testified that she climbed out of her bed to use the bathroom, that the bathroom door was partly opened and "I just put my hand on it like that to open it back and it just flew out of my hand and my hand slipped or something. Anyway, I know I fell." In dismissing the petitioner's suit, the Lower Court said:
"The law regarding the liability of hospitals to their patients is stated in Kilgore v. Argonaut Southwest Insurance Co. [La.App.], 216 So.2d 108, in which the Court held that a hospital is not the insurer of the patient and is only obligated to use reasonable care as the patients known condition may require. More particularly, the standard of care required is to be gauged by the degree of care, skill and diligence used by hospitals generally in that community. Both the Kilgore case, supra, and the case of DeBlanc v. Southeast [Southern] Baptist Hospital [La.App.], 207 So.2d 868, are very similar from a factual consideration to the case at hand and it is significant that in both cases recovery was denied.
Since the Court is quite sympathetic with Mrs. Noble's injury and resulting condition, a thorough review of the evidence has been made by the author of this opinion to determine if the hospital was deficient in its attention to Mrs. Noble and departed from the standard of care required of it. The evidence fails to disclose any basis for the restraint of the patient by the hospital. She herself declared, `I wasn't crazy  they didn't have to fence me in.' Both the testimony of another occupant in the room and Mrs. Noble's personal physician fail to show that there was any compelling reason for physically detaining Mrs. Noble. Neither was there anything which suggested that nurses should have been provided for her at all times, and of course, this would have been the patient's own responsibility. Considering the fact that she suffered a previous fall, the hospital did place half rails on her bed sufficient for the purpose of keeping her from falling out of bed. Following this, the nurses admonished Mrs. Noble repeatedly to call if she needed any assistance and there was absolutely no evidence reflecting that the nurses failed to timely respond to her calls of distress other than possibly her own conflicting statements to that effect.
Accordingly, the Court finds that the hospital did not fail to use reasonable *14 care in ministering to Mrs. Noble when considered against her known condition."
We agree with the reasons of the Lower Court that the Kilgore and DeBlanc cases are factually similar to the present case and that the jurisprudence therein set forth controls the present case.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.